IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**VIRGINIA WOODARD**                                            **PLAINTIFF**

**vs.**                                            **CIVIL ACTION NO. 3:10cv0101-SAA**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**                    **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Virginia Woodard for disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed applications for SSI, DIB and for a period of disability (POD) on October 1, 2007, alleging disability beginning April 30, 2006. Docket 6, p. 16. Plaintiff later amended her onset date to October 1, 2007. *Id.* at p. 16. Her claim was denied initially on January 4, 2008 and on reconsideration on March 24, 2008. *Id.* She filed a written request for hearing on May 23, 2008 and was represented by counsel at the hearing held on August 19, 2009. *Id*. The Administrative Law Judge (ALJ) issued an unfavorable decision on September 15, 2009 (*Id.* at 16-26), and the Appeals Council denied plaintiff's request for a review on August 27, 2010. *Id.* at 6-8. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has

the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on November 26, 1961, and completed high school and one year of college. Docket 6, p. 32. She was 45 years old at the time of the application and the amended onset date. Her previous employment included babysitting and operating a daycare in her home, sewing machine operator, store stocking clerk and sweet potato picker. *Id.* at 32-33. Plaintiff contends that she became disabled before her application for SSI, DIB and POD due to severe degenerative disc disease, abnormal spinal motion, a herniated disc, hypertension and residual effects of an accidental gunshot wound to her left arm. Docket 9, p. 5. The ALJ rejected her claims of disability, concluding that even though the plaintiff had a severe impairment and could not perform her past relevant work, there nevertheless were jobs which existed in significant numbers in the national economy which plaintiff could perform, and, consequently, plaintiff was not disabled. Plaintiff argues that the ALJ's assessment of her functional capacity was contrary to the opinions of her long time treating physician and was not supported by the record and that the ALJ failed to properly consider the vocational expert's testimony, resulting in an improper decision at Step 5. Docket 9, p. 1.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

each of the first four levels, then the burden shifts to the Commissioner at step five.[2]  First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3]  Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7]  If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.  *Crowley v.*

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

At step one, the ALJ concluded that plaintiff has not engaged in substantial gainful

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

activity since her alleged onset date, October 1, 2007. Docket 6, p. 18. At step two, the ALJ determined that plaintiff suffered from a "severe" impairment, degenerative disc disease, and at step three found that her severe impairment did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 19-20. Based upon testimony by the vocational expert [VE] at the hearing and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> occasionally and frequently lift/carry a maximum of 10 pounds. The claimant retains the ability to stand/walk 2 hours in an 8-hour work day and sit 6 hours in an 8-hour work day. Additionally, the claimant is limited to jobs that allow her to change from a seated to a standing position every 30 minutes . . .

*Id.* at 20-21. In light of testimony by the VE, the ALJ found plaintiff incapable of performing her past relevant work at step four. *Id.* at 23. Last, at step five, the ALJ concluded that plaintiff was capable of performing a significant number of jobs in the national economy, and therefore was not disabled. *Id.* at 24-25.

Plaintiff argues on appeal that because the ALJ failed to give her treating physician's opinions proper weight and afforded significant weight to an consultative examining physician who did not have any of plaintiff's medical records or tests, the ALJ's RFC and resulting ultimate decision are unsupported by substantial evidence. Docket 9, p. 1. At the time of her application, Dr. Willie Wells had been plaintiff's treating physician for fourteen years. *Id.* at 8. The Commissioner responds that Dr. Wells' opinion is not entitled to controlling weight because is it inconsistent with plaintiff's medical records, including those of Dr. Wells. Docket 10, p. 9-10. The Commissioner also asserts that the *Newton* analysis is not required because the ALJ only rejected Dr. Wells' opinion as to plaintiff's disability. *Id.* at 11. The court agrees with plaintiff. The court concludes that the ALJ failed to properly weigh Dr. Wells' opinions and

provide a detailed explanation of the reasons those medical opinions as to plaintiff's capabilities were due less weight than those of an examining physician that did not have a single medical record or test performed on plaintiff at the time he provided his opinions.

On April 10, 2008 and July 10, 2009, Dr. Wells completed Medical Source Statements heavily restricting plaintiff's activities. Docket 6, p. 298-305. It was his opinion that plaintiff can only lift 10 pounds rarely, cannot sit or stand more than 2 hours for an hour at a time, can never twist, stoop or climb ladders, can occasionally climb stairs and rarely crouch. *Id.* He also stated that she can never look down, rarely turn her head to the right/left/up and occasionally hold her head in a static position. Dr. Wells also indicated that plaintiff will frequently experience pain severe enough to seriously interfere with the attention and concentration needed to perform even simple work tasks and that her impairments are likely to lead to four absences from work per month. *Id.* at 302, 305. He represented that his Medical Source Statement was based upon a variety of objective findings including X-Rays, blood work and CT scans. *Id.* at 300.

The ALJ gave "limited weight" to Dr. Wells' opinions simply stating that they were "inconsistent with the substantial evidence in the record and his own objective medical findings." The ALJ failed to identify any of the evidence in the record that was inconsistent with the limitations placed on plaintiff by Dr. Wells. Instead, the ALJ afforded "significant weight" to the opinions of Dr. Frenz, a consulting examining physician who never even reviewed plaintiff's medical records or tests. Dr. Frenz examined plaintiff on December 13, 2007, two months after plaintiff filed for disability and noted in his report that he did not have any "outside medical records, imaging procedures, test results, or other information [accompanying

6

plaintiff's] chart for additional consideration, correlation, or corroboration" to consider in formulating his opinion. *Id.* at 216. Dr. Frenz did not provide a medical source statement, and his report does not contain any opinion as to her limitations. *Id.* at 211-17. In fact, his report does little to either substantiate or disprove plaintiff's complaints.

For an ALJ properly to afford lesser weight to the treating physician's medical opinions he must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). Because the ALJ did not follow these criteria, says plaintiff, his refusal to give Dr. Wells' opinions controlling weight was error as a matter of law. The Commissioner argues that *Newton* does not apply to this case because the ALJ did not disregard the treating physician's medical opinions. The Commissioner asserts that the Medical Source Statement is simply a finding that plaintiff was disabled, a decision that is left to the ALJ. It should be noted that the ALJ did not indicate in the Decision that Dr. Wells' opinions were being given "limited weight" due to the fact that they reached the ultimate conclusion of disability, and nowhere in Dr. Wells' records or Medical Source Statements does Dr. Wells make a statement concerning the ultimate conclusion of disability.

Reading the record as a whole, the court concludes that the ALJ's opinion is unsupported by substantial evidence and should be remanded for further consideration. An ALJ has a duty to contact a treating physician or other medical sources "[w]hen the evidence . . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is disabled." 20 C.F.R. §§ 404.1512(e). The regulations further provide "additional evidence or clarification *will* be sought [emphasis added by the court] when the report from [a] medical source contains a

7

conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(2)(1). Additionally, "[a]n 'ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position'" *Morgan v. Astrue*, 2010 WL 2697170, *8 (N.D.Tex. July 7, 2010), citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

A treating physician such as Dr. Wells, who has seen the plaintiff regularly for at least fourteen years, has a unique perspective regarding the plaintiff's abilities, limitations, medical history and diagnosis. At the least, Dr. Frenz should have been provided with plaintiff's medical records and tests to review at the time of the opinion provided. Additionally, Dr. Frenz's report lacks the support the ALJ needed to disregard Dr. Wells's opinions.

It may be that there is substantial evidence to deny the plaintiff's claims, but it is unclear whether the ALJ considered all of the necessary factors before declining to afford controlling weight to Dr. Wells's opinion and ignoring the medical opinions of other examiners to give the most weight to the, by then, 2-year old opinion of a non-treating physician who had no opportunity to review plaintiff's medical records.

Further, it is clear that additional development of the record, specifically in the form of additional opinions from the treating physician or even a follow-up review by the examining physician once he had been provided all the records and medical source statements, would have been easily obtained, and probably helpful, had the ALJ sought such information. In such a case as this, where the ALJ wishes to rely on a non-treating physician who had not even reviewed a single medical record or test of plaintiff, the Commissioner should re-contact the treating

8

physician or the examining physician.  20 C.F.R. § 404.1509p(b) (2000).  The undersigned holds that the decision of the Commissioner should be remanded for further proceedings consistent with this opinion.

## IV.  PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ for reconsideration of the opinions of plaintiff's treating physician and for an evaluation by the examining physician of plaintiff's medical records, x-rays and tests.  Because the court is remanding for further consideration of these issues, the court need not address the merits of the plaintiff's remaining arguments at this time.

## IV.  CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 31st of May, 2011.

     /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE